Breitel, J. (dissenting).
In this personal injury negligence action the Appellate Division reversed a judgment in favor of plaintiffs Michael and Thomas Orwat against defendant Edward Kawecki and dismissed the complaint. The Appellate Division found, and I agree, that plaintiffs ’ contributory negligence bars their recovery.
Michael Orwat, Thomas Orwat, his grandson, and Edward Kawecki, Michael’s son-in-law, were engaged together in unloading dirt from Edward’s truck onto Michael’s land at about 7:30 on a September evening. Edward, assisted by Michael, parked the truck at right angles to a two-lane highway, with about three feet of the truck extending over the paved portion of the highway. During the course of the work, several cars going in different directions passed the truck.
Edward Kawecki and Thomas Orwat were working at the back of the truck, while Michael was to one side on the grass with a flashlight. The men had also placed a red “ flasher ” light on the hood of the truck to warn oncoming cars, and the truck’s parking lights were on.
The location of the truck on a travelled highway created a dangerous condition, which must have been obvious both to plaintiffs as well as to defendant. That the danger was apparent to all is evident from the precautions, although proven inadequate, which the men engaged in the enterprise took to avoid an accident. Thus, even assuming that Edward Kawecki alone was negligent in parking the truck, plaintiffs’ conduct in intentionally exposing themselves to the foreseeable danger caused by defendant’s negligence constitutes contributory negligence as a matter of law (Restatement, 2d, Torts, § 466, subd. [a], Comment c; cf. Casey v. Ross, 10 N Y 2d 834; Mignery v. Gabriel, 2 A D 2d 218, affd. 3 N Y 2d 1001).
Moreover, the acts of plaintiffs and defendant Kawecki are not disconnected or discrete events which concurred in producing the dangerous condition or the accident. The truth of the matter is that plaintiffs and defendant Kawecki engaged in a common plan or enterprise, each relying on the other and being relied *872 on in turn, and they chose to do it in a dangerous and careless manner. Each knew or should have known equally well what was the danger, in the parking of the truck and what each did thereafter. If any one did not or could not know, then the others were equally innocent of culpable knowledge or conduct. It is just not logical to pick on any one of the group to hold liable merely because he was the owner or the driver of the truck which was improperly parked. In this common enterprise they all stand equally.
Accordingly, I dissent and vote to affirm the dismissal of the complaint.
Chief Judge Fulo and Judges Burke, Bbegan, Keating and Jasen concur in memorandum; Judge Breitel dissents and votes to affirm in an opinion in which Judge Scileppi concurs.
Order reversed, etc.